UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE DUDEK,

                             Plaintiff,

v.                                         Civil Action No. _____

JAMES A. WEST, P.C.,

                             Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Michelle Dudek is a natural person residing in the County of Niagara and the State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant James A. West, P.C. (hereinafter "West") is a foreign limited partnership organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to HSBC Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant West was then employed by the account holder to collect on the subject debt.

13. That on or about January 3, 2009, Defendant contacted Plaintiff on her cell phone. Plaintiff was unable to answer and Defendant left a message to call the Law Offices of James A. West.

14. That on or about January 5, 2009, Plaintiff returned the call to Defendant. Plaintiff explained that she was waiting for payments from disability compensation and would not be able to pay the subject debt until those payments were received.

15. That in or about January of 2008, Defendant began calling Plaintiff multiple times per week, in an attempt to collect on the subject debt.

16. That on or about January 2009, Plaintiff received multiple telephone calls from Defendant. When Plaintiff answered the aforementioned calls, Defendant would immediately hang up.

17. That on or about January 28, 2009, Defendant again contacted Plaintiff by telephone. Plaintiff spoke with "Zen". Plaintiff asked why Defendants would call and then hang up immediately when Plaintiff answered. Defendant told Plaintiff that the system just puts out the calls and hangs up. Defendant then told Plaintiff that all the calls will stop as of January 31, 2009, as the matter will be litigated then.

18. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands.

19. That despite Defendant's aforementioned statement that the calls would stop on January 31, 2009, Defendant continued to call Plaintiff.

20. That as a result of Defendant's actions Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f, by deceptively stating that litigation would start on January 31, 2009, and that the subject debt "needed to be resolved before it went to judgment."  Such statements were an unconscionable attempt to collect the subject debt. Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands.  Defendant had no intent or legal authority to take such action

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a)  Actual damages;

   (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 23, 2009

        /s/ Seth Andrews_____
        Kenneth R. Hiller, Esq.
        Seth Andrews, Esq.
        Law Offices of Kenneth Hiller, PLLC
        *Attorneys for the Plaintiff*
        6000 North Bailey Ave., Suite 1A
        Amherst, NY 14226
        (716) 564-3288
        Email: khiller@kennethhiller.com
              sandrews@kennethhiller.com